UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL SIMONDS,            ) | Case No.  C08-346-RAJ-JPD |
|                          ) | |
|         Plaintiff,       ) | |
|                          ) | |
|     v.                   ) | |
|                          ) | REPORT AND RECOMMENDATION |
| FOX, et al.,             ) | |
|                          ) | |
|         Defendants.      ) | |
|_____) | |

   Plaintiff Paul Simonds, appearing *pro se*, recently filed an application to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint against a "Mr. Fox" and several judges in this district. Dkt. No. 1-1. The complaint is virtually incomprehensible. It contains an indecipherable flurry of isolated references to a host of federal statutes, local rules and Federal Rules of Civil Procedure, followed by several photocopies of various such rules and statutory provisions. The complaint provides no comprehensible information regarding plaintiff's claims. *Id.* Nor does it provide a cognizable request for relief, apart from the words "preliminary injunction." *Id.*

   Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

REPORT AND RECOMMENDATION
PAGE – 1

Here, plaintiff fails to allege sufficient facts to place the defendants on notice of the nature of his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a). Furthermore, the complaint appears to name as defendants governmental actors who enjoy immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Because this action appears frivolous and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

The Court advises plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) (discussing bar order requirements).[1]

Because of the profound deficiencies in plaintiff's proposed complaint, his request to proceed IFP should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed order of dismissal accompanies this Report and Recommendation.

DATED this 20th day of March, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The Court notes that plaintiff is a prolific litigator who has filed several similar lawsuits in the past three years against various judges, attorneys, and other officers in this district. *See, e.g.*, *Simonds v. Ninth Circuit*, C07-1353-MJP (W.D. Wash. 2007); *Simonds v. Fox*, C07-1250-MJB (W.D. Wash. 2007); *Simonds v. Social Sec. Admin.*, C07-741-MJP (W.D. Wash. 2007); *Simonds v. Canby* (II), C07-536-MJP (W.D. Wash. 2007); *Simonds v. Martinez*, C07-523-TSZ (W.D. Wash. 2007); *Simonds v. Donohue*, C06-1588-JLR (W.D. Wash. 2006); *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Fox* (II), C06-1384-RSM (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005).

REPORT AND RECOMMENDATION
PAGE – 2